STATE of Wisconsin, Plaintiff-Appellant,†

v.

Robert W. RADUEGE, Michael W. Koppelkam, Gary A. McConahay, Jeffrey J. Staupe, Richard F. Hasselstrom, Bryan J. Maker, Eligio Bobadilla, and Michael J. Koons, Defendants-Respondents.

Court of Appeals

*Nos. 79–1808, 79–1809, 79–1810, 80–068, 80–071, 80–112, 80–211, 80–473, 80–617. Submitted on briefs October 24, 1980.— Decided December 9, 1980.*
(Also reported in 301 N.W.2d 259.)

† Petition to review denied. BEILFUSS, C.J., took no part.

For the plaintiff-appellant there was a brief by *Bronson C. La Follette,* attorney general, and *John W. Calhoun,* assistant attorney general.

For the defendants-respondents there were briefs by *Daniel P. Fay* of *Fay & Wuebben* of Pewaukee; *Charles I. Phillips* of *Love, Brown, Love, Phillips & Davis* of Waukesha; *Jacob A. Schwei* of *Brenner, Brenner & Frame* of Waukesha, and *Wimmer, Evans & Vollmar* of Waukesha.

Before Voss, P.J., Brown and Scott, J.J.

VOSS, P.J.    These consolidated cases compel this court to address a number of procedural issues raised by our decision in *State v. Booth,* 98 Wis.2d 20, 295 N.W.2d 194 (Ct. App. 1980). In each case, following the *Booth* prece-

dent, the trial court suppressed the State's evidence of breathalyzer test results upon a finding that the State failed to preserve the breathalyzer test ampoule. On appeal, the State contends that the trial court erred in suppressing the breathalyzer results evidence since these defendants are barred from benefiting from the *Booth* decision. The State supports this contention by pointing out that in each case the defendants failed to make a motion for scientific testing within thirty days after the administration of the breathalyzer test. *Booth* is cited as authority for the proposition that unless a motion for scientific testing is made within thirty days, it is waived. Because we find no thirty day time limit exists, we affirm.

In the recent case of *State v. Booth, supra,* this court affirmed the suppression of the results of a breathalyzer test given to the defendant. Our holding was based upon a belief that the circuit court was correct in finding that "the ampoule used in the breathalyzer test constituted material evidence and that its destruction by the State denied defendant his constitutional right to due process of law." (Footnote omitted.) *Id.* at 20, 295 N.W.2d at 195.[1]

Briefly, a breathalyzer operates by exposing a sample of the defendant's breath to a standard mixture of chemical reagents in an ampoule. The proper volume and concentration of chemicals in the ampoule are critical to the accuracy of the reading. Although the spent ampoule cannot be retested to verify the exact percentage of alcohol in the blood, it can be tested to determine if the

[1] It should be noted that in all of these cases the defendant was being prosecuted criminally as a second offender pursuant to sec. 346.65(2)(a)2, Stats. We do not reach the issue of whether the due process considerations addressed in *Booth* and in these cases are equally applicable to proceedings against first offenders under secs. 346.63(1) and 346.65(2)(a)1, Stats.

ampoule contained the proper mixture. By doing so, a defendant may challenge the reliability and credibility of the breathalyzer test results.

Because the volume and concentration of chemicals in the ampoule are subject to change with the passage of time, it is not always possible to determine whether the proper standard mixture of chemical reagents existed in the ampoule at the time the breathalyzer test was administered. In the *Booth case,* the trial court determined in its findings of fact that it was possible to test the chemical makeup of the ampoule up to thirty days after the administration of the breathalyzer test. This finding, however, was based solely upon the expert testimony offered in the *Booth case.* Upon the basis of expert testimony, other courts have held that the chemicals in the ampoule would always remain constant and, therefore, subject to accurate analysis to determine if the proper concentrations were present.[2]

By way of footnote, this court concluded that the *Booth* trial court "impliedly imposed a thirty day period in which the request for production of the test ampoule must be made, . . . ." *Id.* at 22–23 n. 2, 295 N.W.2d at 196 n. 2. In commenting on the reasonability of that inferred thirty day time limit, this court stated: "We view the thirty day period of preservation determined by the circuit court to be entirely reasonable to both defense and prosecution. That period allows sufficient time for the defense demand and prevents the unreasonable burden

---

[2] *People v. Hitch,* 12 Cal.3d 641, 645 n. 1, 527 P.2d 361, 364 n. 1, 117 Cal. Rptr. 9, 12 n. 1 (1974). In the case of *State v. Michener,* 25 Or. App. 523, 550 P.2d 449 (1976), the Oregon Supreme Court found, upon the basis of expert testimony, that scientific analysis of a used ampoule could verify both the chemical makeup and the accuracy of the breathalyzer test itself up to nineteen months after the administration of the breathalyzer test.

that perpetual preservation would impose on law enforcement agencies." *Id.* at 33, 295 N.W.2d at 200–201.

In all of these cases, the trial court suppressed the State's evidence of breathalyzer test results solely upon the finding that the State failed to preserve the breathalyzer test ampoule. The record in each case reflects that the defendant made his motion for scientific testing far in excess of thirty days following the administration of his breathalyzer test.[3] Relying on our inference drawn from the *Booth* trial court's finding that the ampoule was subject to restandardization for a period of thirty days, the State argues that the suppression orders in these cases were improperly issued since the motions for scientific testing were all made after a thirty day period following the administration of the breathalyzer tests.

We believe the State misinterprets our discussion of the thirty day time limit in the *Booth* decision. Based upon the record of proceedings in the *Booth* matter, this court merely held that it would not present an unwarranted burden on either defense counsel or the State, if the State had to preserve the ampoule for a period of thirty days and the defendant had to move the court for scientific

---

[3] The time periods between the date of the administration of the breathalyzer test and the date of motion are as follows:

| Defendant | Date of Alleged Violation | Date Motion Filed |
| --- | --- | --- |
| Staupe (#80–071) | 07/01/79 | 12/10/79 |
| Koppelkam (#79–1810) | 06/14/79 | 10/10/80 |
| Raduege (#79–1808) | 05/27/79 | 10/19/80 |
| (#79–1809) | 03/24/79 | 10/19/80 |
| Maker (#80–211) | 04/18/79 | 10/31/79 |
| McConahay (#80–068) | 12/30/78 | 12/13/79 |
| Hasselstrom (#80–112) | 12/30/78 | 10/19/79 |
| Koons (#80–617) | 05/23/79 | 01/03/80 |
| Bobadilla (#80–473) | 09/23/79 | 11/19/79 |

testing within that same time period. In essence, we were merely holding that the "implied" thirty day time limit was not unreasonable based upon the testimony in *Booth's case*. We believe that there is nothing magical about *Booth's* implied thirty day time limit. Such an implied time limit should not be construed to be applicable to other cases wherein different circumstances may exist and differing expert testimony may be given.

In order for destruction of evidence to result in suppression, the defense must show that the disposed of evidence was clearly material to the issue of guilt or innocence. *State v. Booth, supra,* at 26, 295 N.W.2d at 197; *United States v. Bryant,* 439 F.2d 642, 648 (D.C. Cir. 1971). In *Booth,* we found the materiality of the test ampoule to be obvious. The reasoning behind this conclusion was clearly delineated:

The witness whose reliability is crucial in this instance is not the officer who administered the test. The key witness is the breathalyzer machine itself. Cross-examination of the officer can only reveal whether he correctly followed the proper procedures in operating the machine. Whether the machine was capable of correctly determining the amount of alcohol in the defendant's system can only be pursued by an analysis of the ampoule's contents.

*Id.* at 27, 295 N.W.2d at 198. Even in cases where the test ampoule has been destroyed, however, the State is not barred from presenting evidence that any analysis of a test ampoule made by a defense expert would be futile and unavailing since the ampoule's chemical make-up would have changed through the passage of time. The *Booth case,* in effect, created a presumption that the breathalyzer ampoule itself was material evidence since scientific testing could potentially establish whether the ampoule contained the proper chemical mixture at the time the breathalyzer test was administered. Such a pre-

sumption, however, would be subject to rebuttal. Be cause the chemical reagents in the ampoule are subject to deterioration, the intrinsic materiality of the ampoule, with the passage of time, could be diminished to the point where the ampoule could no longer be of any evidentiary value under secs. 904.01 and 904.02, Stats.[4]

■

Because the State failed to present evidence disputing the innate materiality of the breathalyzer ampoule in each of these cases, the orders suppressing the breathalyzer test results must be affirmed.

*By the Court.*—Orders affirmed.

---

[4] The terms "materiality" and "relevancy" are virtually synonymous. *See* Judicial Council Committee Note, 59 Wis.2d R66, R67 (1974). Sections 904.01 and 904.02 read as follows:

904.01 Definition of "relevant evidence". "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

904.02 Relevant evidence generally admissible; irrelevant evidence inadmissible. All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.