STATE of Wisconsin, Plaintiff-Respondent,

v.

Geraldine S. HAUF, Defendant-Appellant.

Court of Appeals

*No. 82-103-CR. Submitted on briefs October 6, 1982.—
Decided November 17, 1982.*
(Also reported in 327 N.W.2d 170.)

For the defendant-appellant the cause was submitted on the brief of *Daniel P. Dunn* and *Callaway & Dunn* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Paulette Siebers,* assistant district attorney.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Defendant appeals from a judgment of conviction of operating a motor vehicle while under the

influence of an intoxicant in violation of sec. 346.63(1), Stats.[1] We affirm.

Defendant was arrested and submitted to a breathalyzer test on January 10, 1981. On February 2, 1981, she filed a motion for discovery of the breathalyzer ampoule. The state authorized release of the ampoule to defendant two weeks later, informing her by leaving a message with her attorney's secretary. Defendant did not attempt to test the ampoule until May 15, 1981. The contents of the ampoule were then no longer capable of meaningful analysis.

Defendant's motion to suppress the breathalyzer results was denied after an evidentiary hearing. The court held that defendant had the burden of obtaining the ampoule once she was informed that it was available. The issue is whether the trial court abused its discretion by denying defendant's motion to suppress the breathalyzer results.

A trial court's decision regarding admissibility is to be reviewed on appeal to determine whether the appropriate discretion was exercised. *State v. Baldwin*, 101 Wis. 2d 441, 455, 304 N.W.2d 742, 750 (1981). The trial court must exercise its discretion "in accordance with accepted legal standards and in accordance with the facts of the record." *Id.* (citations omitted).

Defendant urges that the test results be suppressed, as they were in *State v. Booth*, 98 Wis. 2d 20, 295 N.W.2d 194 (Ct. App. 1980), because the ampoule's contents were "destroyed" by aging and their presumptive materiality had not been rebutted by the state. The trial court denied defendant's motion because it concluded that the state had not destroyed the ampoule's contents.

---

[1] This case was originally assigned as a single-judge appeal, pursuant to sec. 752.31(2), Stats. The chief judge of the court of appeals ordered that it be decided by a three-judge panel under Rule 809.41(3), Stats.

The *Booth* court held that suppression of the test results is required when the destroyed ampoule's materiality is clearly established. *Booth,* 98 Wis. 2d at 27, 295 N.W.2d at 198. Defendant seeks to equate the aging of the ampoule's contents with its physical destruction. The latter was the issue in *Booth* and subsequent cases. *See City of Lodi v. Hine,* 107 Wis. 2d 118, 318 N.W.2d 383 (1982) ; *State v. Humphrey,* 107 Wis. 2d 107, 318 N.W. 2d 386 (1982) ; *State v. Raduege,* 100 Wis. 2d 27, 301 N.W.2d 259 (Ct. App. 1980). In *Booth, Hine, Humphrey,* and *Raduege,* the defendant was denied opportunity to analyze the ampoule and its contents.

Defendant was not denied opportunity to challenge the test results. Defendant's attorney's secretary was notified of the ampoule's availability on February 16, 1981. This constitutes notice to defendant. The present immateriality of the ampoule is the result of defendant's failure to act more quickly, not the state's action or inaction.

Defendant asserts that the telephone notification of the availability of the ampoule was insufficient. However, neither *Booth* nor defendant's motion for discovery suggest that the prosecution has the burden of ensuring that defendant inspect the ampoule.[2] The discovery motion merely requested permission to inspect the ampoule. *Booth,* 98 Wis. 2d at 33, 295 N.W.2d at 201, imposes the "state's duty to disclose" the ampoule. The duty to disclose is met by making the ampoule available to defendant. The failure to retain was the act which required the suppression of test results in *Booth* and its progeny. The trial court's decision was rational and based upon the facts. It relied upon appropriate and applicable law. The trial court therefor did not abuse its discretion.

[2] This is particularly true with regard to defendant's assertion that the prosecution was obligated to "come forward" with the ampoule within thirty days.

*Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981).

*By the Court.*—Judgment affirmed.