STATE of Wisconsin, Plaintiff-Respondent,

v.

Dane L. HEDSTROM, Defendant-Appellant.

Court of Appeals

*No. 81–1794–CR. Submitted on briefs May 5, 1982.—*
*Decided June 23, 1982.*
(Also reported in 322 N.W.2d 513.)

For the defendant-appellant the cause was submitted on the brief of *Mario J. Ventura, Jr.* of *Schroeder, Ventura & Breitenbach* of Kenosha.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

VOSS, P.J. Dane L. Hedstrom appeals from a judgment of conviction for first-degree murder. His appeal was based solely on the trial court's jury instruction on voluntary intoxication. First, he argues that the trial court's instruction improperly shifted the burden of proof to the defendant to establish his intoxication. Second, the trial court's instruction added the adverb "utterly" to modify the adjective in the phrase "incapable of forming . . . the intent to kill . . . ." The defendant claims that the word "utterly" established degrees of intoxication and increased the degree of intoxication necessary to constitute a defense. We disagree with the defendant on both grounds and affirm the decision of the trial court.

Hedstrom was charged with the 1981 murder of his grandfather, Gustov. The primary defense Hedstrom offered at trial was that he could not have formed the requisite intent to kill his grandfather because he was too intoxicated.

At the instruction conference, Hedstrom's attorney requested that the court give Wis J I—Criminal 765,[1] dealing with intoxication as a defense. The trial court indicated that it intended to draft its own instruction because it did not feel that the pattern instruction was strong enough, given the evidence in the case. The pertinent part of the court's redrafted jury instruction states as follows:

---

[1] Wis J I—Criminal 765 states:

765 INTOXICATION NEGATING STATE OF MIND ESSENTIAL TO CRIME

The defense of intoxication is an issue in this case.

The Criminal Code of Wisconsin provides that an intoxicated condition is a defense if such condition negatives the existence of a state of mind essential to the crime.

Ordinarily, intoxication will not relieve a person from responsibility for his criminal acts. However, where a certain state of

The *evidence must convince* you that the alcohol allegedly consumed by the defendant had more than an adverse effect on his judgment; *it must show* that the actual effect of the alcohol on his mind was so severe that he was *utterly incapable of forming the intent to kill.*

Having been instructed in this manner, the jury found Hedstrom guilty of first-degree murder. Judgment was entered on the verdict, and Hedstrom appeals from that judgment.

Hedstrom's first contention is that this given instruction shifted the burden of persuasion. He cites *State v. Schulz*, 102 Wis. 2d 423, 307 N.W.2d 151 (1981), as support for his contention that the instruction shifted the burden of persuasion as opposed to the burden of production. In *Schulz*, the trial court instructed the jury:

To be relieved of responsibility for his action, it is not enough for a *defendant to establish* that he was under the influence of intoxicating beverages. *He must establish* that degree of intoxication that means he was *utterly incapable of forming the intent* requisite to the commission of the crime charged.

mind or intent is an essential element of the crime, an accused is not guilty if, at the time of the commission of the alleged criminal act, he was so intoxicated that he was unable to form the essential intent or have the essential mental state.

In this case, defendant is charged with the crime of first-degree murder of which one of the essential elements is the intent to kill. The defendant claims that, at the time of the alleged offense, his condition from the use of intoxicating liquor was such that he did not form such intent.

If the defendant, because of his condition, was incapable of forming and, therefore, did not form the intent to kill, then you must not find him guilty of first-degree murder as charged in the information.

If you have any reasonable doubt as to whether or not he was so intoxicated, you must give the defendant the benefit of that doubt and find him not guilty of first-degree murder.

*Id.* at 432, 307 N.W.2d at 157. (Emphasis in original.)

The difference between the two instructions is obvious. In the instruction used in *Schulz,* the *defendant* had to establish the degree of intoxication necessary. In this case, the *evidence* had to establish the degree of intoxication.

We are of the view that the instruction in this case did not shift the burden of proof but merely informed the jury that the defendant had the burden of production. In Wisconsin, the voluntary intoxication defense is a negative defense because it negates a fact which the state must prove to convict a defendant of a specific crime. *Id.* at 429-30, 307 N.W.2d at 156. When such a defense is employed, the state may not have to prove the absence of intoxication beyond a reasonable doubt when the defendant fails to produce sufficient credible evidence of intoxication. *Id.* at 430, 307 N.W.2d at 156. The principles of due process are not violated if a burden of production, as opposed to a burden of persuasion, is placed upon the accused to come forward with "some" evidence in rebuttal of the state's case. *Id. See also Muller v. State,* 94 Wis. 2d 450, 476-77, 289 N.W.2d 570, 583 (1980). This evidence must be more than a mere statement that the defendant was intoxicated. The evidence must be credible and sufficient to warrant the jury's consideration of the issue as to whether the defendant was intoxicated to the extent that it materially affected his or her ability to form the requisite intent. *Schulz,* at 430, 307 N.W.2d at 156. As stated in *Schulz:*

The test which the trial court must apply is whether, construing all the evidence produced most favorably to the defendant, a reasonable juror could conclude that the defendant's state of intoxication—in the words of the statute—"negative[d] the existence of a state of mind essential to the crime." Upon the production of such evidence the burden will be upon the state to prove beyond a reasonable doubt that the defendant's consump-

tion of alcohol or drugs did not negate the existence of a state of mind necessary to fix criminal liability.

*Id.* We conclude that the instruction in this case did not expressly inform the jury that the defendant had to convince them of his intoxication. The instruction did not discuss which party had the burden to establish intoxication or lack of intoxication. It simply advised the jury that the intoxication was a subject it had to consider in reaching its verdict. We believe it is unlikely that any reasonable juror would have reached a conclusion with respect to the placing of the burden of proof based solely on this limited language.

Not only is this instruction different from the instruction in *Schulz,* but other portions of the charge to the jury stated that the state must prove all elements of the offense beyond a reasonable doubt. This establishes that the state had the burden of persuasion to prove that intoxication did not negate intent. Reading all of these separate instructions together as we must, we hold that the instructions on the issue of intoxication did not place the burden of persuasion on Hedstrom.

Hedstrom's second objection to the instruction is in the court's requiring that he be "utterly incapable of forming an intent to kill" before intoxication becomes a defense. Specifically, Hedstrom objects to the use of the word "utterly" as overstating the degree of intoxication necessary to establish the intoxication defense. We do not think the use of the word "utterly" raises the level of intoxication necessary for it to be a defense. The adjective "incapable" means lacking capacity or lacking legal qualification or power. *Webster's Third New International Dictionary,* 1141 (1976). No degrees of incapability exist. A defendant is either capable or incapable of forming intent. The use of the adverb "utterly" to mod-

ify "incapable" is superfluous. It adds nothing to the meaning of the word "incapable."

We note that the pattern jury instruction as approved in *Schulz*, 102 Wis. 2d at 431–32 n. 2, 307 N.W.2d at 156–57 n. 2, indicates that the defense of intoxication is viable only when the defendant is "incapable of forming . . . the intent to kill . . . ." *Id.* The present instruction merely adds the adverb "utterly" to modify the adjective "incapable." We conclude that the instruction stated the standard necessary for the instruction defense to apply.

*By the Court.*—Judgment affirmed.