## STATE of Wisconsin, Plaintiff-Respondent,

v.

## Blake J. SCHAEL, Defendant-Appellant. †

Court of Appeals

*No. 85–0916–CR. Submitted on briefs December 18, 1985.—
Decided April 2, 1986.*

(Also reported in 388 N.W.2d 641.)

† Petition to review denied.

For the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.  Blake J. Schael (Schael) appeals from a judgment of conviction and sentence and an order denying his post-conviction motions. He argues error in closing argument, jury instructions, limitation of expert testimony, ineffective assistance of counsel, and sentencing. We are unpersuaded that reversible error occurred and accordingly affirm.

Schael and two others robbed a sandwich shop at knifepoint at approximately 6:00 p.m. Schael testified that he had been drinking more or less steadily since 9:30 a.m. and that he had no recollection of the robbery.

At trial, Dr. Frederick Will testified that, based upon Schael's account of his drinking that day, he would have had a blood alcohol level between .30% and .80% and that this would "diminish his ability to func-

tion in almost any sphere we would look at." The trial court would not, however, allow Dr. Will to testify as to the effect of alcohol consumption upon intent.

The jury found Schael guilty of armed robbery. He was sentenced to twenty years' imprisonment. His motions for a new trial and for resentencing were denied. Other facts will be set forth as necessary.

First, Schael argues error in the prosecutor's closing argument comment that Schael's alcohol abuse and hospitalizations were factors for the trial judge to consider in sentencing. Schael argues that this would impermissibly discourage the jury from considering his intoxication defense. We are unpersuaded that the remarks, taken in context, would have any effect beyond that envisioned by the trial judge: "[T]o impress upon the jury the importance of their not deciding the issues in this case upon the mere fact that the man is an alcoholic or not." We do not read it as discouraging the jury from seriously considering the intoxication defense.

Further, even were his comment error, we have no doubt that the curative instruction given by the trial judge erased any possible prejudice. *See State v. Bembenek,* 111 Wis. 2d 617, 634, 331 N.W.2d 616, 625 (Ct. App. 1983).

Next, Schael challenges the intoxication instruction submitted to the jury. This instruction was virtually indistinguishable from that used and found valid in *State v. Hedstrom,* 108 Wis. 2d 532, 534, 322 N.W.2d 513, 515 (Ct. App. 1982). Despite Schael's assertion to the contrary, his challenge here is essentially that

made in *Hedstrom,* and *Hedstrom* controls. We decline the invitation to reconsider it.

Next, Schael argues that he was denied his right to present a defense when he was not allowed to present psychiatric testimony concerning the impact of his drinking upon his ability to form the requisite criminal intent. He argues that *State v. Flattum,* 122 Wis. 2d 282, 361 N.W.2d 705 (1985), and *State v. Repp,* 122 Wis. 2d 246, 362 N.W.2d 415 (1985), hold that "a psychiatrist may render a medical opinion as to whether the accused's state of intoxication negated his capacity to form the intent necessary to commit the offense charged." We are unpersuaded that Dr. Will's testimony, as evinced in Schael's offer of proof, would have been admissible under *Flattum* or *Repp.*

Despite the fact that both *Flattum* and *Repp* affirmed this court's decisions, each further explicated the status of the law on expert testimony on the question of intent. Although we acknowledge that the larger holding of *Flattum* may be susceptible to some interpretation, we are convinced that what was sought to be elicited from Dr. Will would have been inadmissible under both *Flattum* and *Repp.*

We are persuaded that these cases, as well as earlier cases in their lineage, require that an expert's testimony on the effect of intoxication upon intent, in order to be admissible, must state that the intoxication negatived the defendant's intent; expert testimony that falls short of this standard is not probative.

The holding of *Flattum* is as follows:

> We hold that a psychiatrist, properly qualified as an expert on the effects of intoxicants, may render an expert opinion as to *whether a defendant's voluntary intoxicated condition negatived the defendant's*

*capacity to form the requisite intent,* but only if that opinion is based solely on the defendant's voluntary intoxicated condition. [Emphasis added.]

*Flattum* at 297, 361 N.W.2d at 713. *Repp,* similarly, utilizes language requiring the "negativing" of intent:

We find that the trial court in the instant case properly excluded the psychiatric opinion testimony for two reasons. The testimony was not restricted to a description of clinical facts about the defendant *nor was it restricted to an opinion about how the defendant's intoxication itself negatived the requisite criminal intent.* [Emphasis added.]

*Repp* at 254–55, 362 N.W.2d at 418. In *Flattum,* the supreme court also recited this rule as arising from *Loveday v. State,* 74 Wis. 2d 503, 247 N.W.2d 116 (1976):

The *Loveday* rule was restated by this court in *Roe v. State,* 95 Wis. 2d 226, 290 N.W.2d 291 (1980), when we held that "[e]xpert testimony as to *whether the defendant was intoxicated to such an extent that he did not have the capacity to form the intent necessary* to commit the crime charged is generally admissible at trial." *Id.* at 237. [Emphasis added.]

*Flattum* at 294, 361 N.W.2d at 712.

██ We read these statements to mean that expert testimony on intent is admissible when it addresses not just the topic of a partial diminishment of intent, but the negativing of that intent. "Negative," as a verb, means "disprove" or "contradict." Webster's Third New International Dictionary 1513 (1976). Here, Dr. Will expressed no opinion that Schael's intoxication negatived his intent. At the post-conviction motion hearing, Dr. Will testified that, "I do not feel that I can give you

an answer consistent with reasonable medical certainty as to his ability to form intent." Later in the hearing, he stated, "I believe his ability would be diminished, but I believe that he would be able to form intent."

We are unpersuaded that an expert opinion such as this rises to the level of certainty which we believe the above cases demand.

■

Section 904.01, Stats., defines relevant evidence as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Dr. Will's "conclusions" did not make the existence of the requisite level of intoxication necessary to negative intent any more or less probable than it would have been without the excluded testimony. Testimony is irrelevant and therefore inadmissible that is so inconclusive and speculative as to have no probative value. *See Zebrowski v. State,* 50 Wis. 2d 715, 726, 185 N.W.2d 545, 551 (1971); sec. 904.02, Stats. Dr. Will's conclusion was silent as to even the level of possibility, which level is still of no probative value. *See Meyer v. Fronimades,* 2 Wis. 2d 89, 92, 86 N.W.2d 25, 27 (1957). Relevance is probative worth. McCormick's Handbook of the Law of Evidence § 184 (E. Cleary 2nd ed. 1972). We conclude that there was no error in the trial court's holding this testimony inadmissible.

■

Even were we to declare error here, it would be harmless. The doctor's inability to reach a conclusion on the negative intent favorable to Schael leads us to

conclude beyond a reasonable doubt that the admission of that testimony would not have produced a different result. *See Vara v. State,* 56 Wis. 2d 390, 395, 202 N.W.2d 10, 13 (1972).

Next, Schael contends that he was denied effective assistance of counsel when his trial attorney failed to present evidence concerning Schael's use of prescription medications on the day of the offense. We conclude that there was no reversible error in that there is no reasonable probability that, save for the arguable professional error, the result of the proceeding would have been different.

In *State v. Pitsch,* 124 Wis. 2d 628, 369 N.W.2d 711 (1985), our supreme court utilized the two-part analysis of *Strickland v. Washington,* 466 U.S. 668, *reh'g denied,* 467 U.S. 1267 (1984), involving the issues of deficient performance and prejudice to the defendant. *Pitsch* at 633, 369 N.W.2d at 714. We need not pursue the former of these, as we are convinced that the standard for the latter has not been met.

■

Under this analysis, the defendant must affirmatively prove prejudice. *Id.* at 641, 369 N.W.2d at 718. The test for prejudice is whether the error undermines confidence in the outcome. *Id.* at 642, 369 N.W.2d at 719. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■

At the post-conviction motion hearing, Dr. Will testified that the medications "would synergize the alcohol. They would work with it and tend to make one more impaired than if they were only drinking alco-

hol." Again, he was unable to testify that intent would be negated, even when the medications were allowed for. Considering this, we are unconvinced that Schael has met his burden of showing a reasonable probability that, had this evidence been utilized, the result would have been different.

Finally, Schael raises one issue *pro se*, that he should be resentenced for a number of reasons, none of which we find persuasive. First, he argues that the trial court relied on erroneous information in passing sentence. He challenges a reference made to his having fathered two children out of wedlock. Beyond the fact that Schael did not choose to object to the presentence report (which is not part of the record before us), we are persuaded by the trial judge's comments during sentencing as well as his statement at the post-conviction motion hearing that this had "nothing to do with the sentence that was imposed in this case." It is evident that the comment was an isolated, casual reference and not a factor utilized in passing sentence. *Cf. Krueger v. State,* 86 Wis. 2d 435, 444, 272 N.W.2d 847, 851 (1979).

Schael also challenges the trial court's reliance upon his prior record. Neither the presentence report nor any other record of Schael's prior convictions is a part of the record before us; we deem this issue waived. We also determine that whether Schael held the knife to the victim's neck or to some other part of her anatomy, the distinction is *de minimis* with respect to sentencing.

Last, Schael argues that his sentence was unduly disproportionate to the sentences imposed on the accomplices. The trial court, at sentencing, fully explained the differences in the conduct of the actors, their prior records and their relative remorse. We are unpersuaded that these are considerations not pertinent to proper sentencing discretion. *See Drinkwater v. State,* 73 Wis. 2d 674, 679–80, 245 N.W.2d 664, 667 (1976).

*By the Court.*—Judgment and order affirmed.