STATE of Wisconsin, Plaintiff-Respondent,

v.

Sandra L. LUDWIGSON, Defendant-Appellant.†

Court of Appeals

*No. 97–0417. Submitted on briefs July 8, 1997.—Decided August 13, 1997.*

(Also reported in 569 N.W.2d 762.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert C. Raymond* and *Roxanne F. Felizmena* of *Raymond Law Office* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert S. Flancher*, district attorney, and *Georgia L. Herrera*, assistant district attorney.

Before Snyder, P.J., Brown and Anderson, JJ.

BROWN, J.  In *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 542 N.W.2d 196 (Ct. App. 1995), we set forth a three-pronged test to use when an allegedly intoxicated driver claims that a refusal to take a blood alcohol test stemmed from an officer's having either not sufficiently read the Informing the Accused form or having gone beyond simply reading the form. By this decision, we hold that when an officer has exceeded the duty, and the extra information provided is erroneous, then it is the defendant's burden to prove by a preponderance of the evidence that the erroneous information caused the defendant to refuse to take the test. Because the defendant did not meet this burden here, we affirm.

Sandra L. Ludwigson appeals the trial court's finding that she improperly refused to submit to the required chemical test under Wisconsin's Implied Consent Law. She argues that her operating privileges should not be revoked because the arresting officer provided her with misleading information that

adversely affected her decision to refuse to submit to chemical testing.

On April 7, 1996, an officer stopped Ludwigson for driving erratically. The officer, suspecting that Ludwigson was intoxicated, asked her to perform several field sobriety tests. Ludwigson failed these tests and was brought to the police department for chemical testing.

As required by § 343.305(4), STATS., the officer read Ludwigson provisions from the Informing the Accused form. However, the officer then exceeded his duty under § 343.305(4) and also attempted to explain the form to Ludwigson in "layman's terms." But the additional information the officer provided to Ludwigson was wrong.[1] After the officer read and explained the form to Ludwigson, she still refused to submit to the test. Consequently, the officer marked the form as a refusal.

In a refusal hearing, Ludwigson asserted that her operating privileges should not be revoked because the additional, erroneous information provided to her by the officer adversely affected her ability to make a decision about the chemical testing. The trial court found that Ludwigson improperly refused to submit to chemical testing because the incorrect information

_____

[1] The officer told Ludwigson that the normal penalty for refusing to submit to a chemical test is a one-year revocation of driving privileges. This was incorrect as Ludwigson had a prior OWI conviction and her revocation period would be two years. The officer also told Ludwigson that if she was not satisfied with her initial test, she could request an alternative test at her own expense. This was also incorrect. Under § 343.305(2) and (5), STATS., law enforcement agencies are required to administer an alternative chemical test at their own expense.

given to her by the officer did not affect her ability to make a choice about the chemical testing.

■

The trial court's decision that a refusal is improper is a question of law. As an appellate court, we review questions of law independently without deference to the decision of the trial court. *See Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■

In *Quelle,* this court set forth a three-pronged standard to assess the adequacy of the warning process under the implied consent law:

> (1) Has the law enforcement officer not met, or exceeded his or her duty under § 343.305(4) and 343.305(4m) to provide information to the accused driver;
>
> (2) Is the lack or oversupply of information misleading; *and*
>
> (3) Has the failure to properly inform the driver affected his or her ability to make the choice about chemical testing?

*See Quelle,* 198 Wis. 2d at 280, 542 N.W.2d at 200. The State argues that the second prong of this test was not met, that the information provided by the officer to Ludwigson was not misleading. The State is wrong. The term "misleading" in the second *Quelle* prong was meant by this court to be synonymous with the term "erroneous." *See id.* at 282, 542 N.W.2d at 201. We hold, as a matter of law, that the police officer exceeded his duty under § 343.305(4), STATS., and the information given to Ludwigson was erroneous, thereby meeting the first two prongs of the *Quelle* test.

The third prong of the *Quelle* test requires a fact-finding process by the trier of fact. Consequently, the party claiming that the refusal was proper has the burden of production to present the trier of fact with enough evidence to make a prima facie showing of a causal connection between the misleading statements and the refusal to submit to chemical testing.

Once the prima facie evidence has been submitted, the burden shifts to the State to prove otherwise. At the end, the trial judge, acting as the trier of fact, assesses the credibility of the two sides and determines as a matter of fact whether the erroneous extra information caused the defendant to refuse to take the test. The defendant has the ultimate burden of proving the causation element to a preponderance of the evidence. *Cf.* § 343.305(9)(a)5.c, STATS. (Drivers are not considered to have refused the test if they can show by a preponderance of the evidence that refusal was due to a physical inability to submit to the test because of a disability or disease.)

Here Ludwigson never presented *any* evidence to show that the erroneous information caused her to refuse to take the test. She never took the stand on her own behalf and was not able to point out anything in the officer's testimony which would auger for a causation finding in her favor. For example, the officer never testified that after receiving the information, Ludwigson voiced any concerns because of the information provided. Instead, Ludwigson simply argues that because the information provided by the officer was erroneous, it had to mislead her as a matter of law. We reject her premise. She has a duty to prove not just the first two prongs of the *Quelle* test, but the

third prong as well. She did not do so. The trial court basically determined that Ludwigson had not met her burden of proof regarding the third prong. We agree. When a party fails to produce any credible evidence as to an element, the party fails to meet his or her burden of proof as a matter of law. *See State v. Hedstrom*, 108 Wis. 2d 532, 535, 322 N.W.2d 513, 515 (Ct. App. 1982). This is what occurred here. The trial court's judgment is affirmed.

*By the Court.*—Judgment affirmed.