# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2019AP1857

Complete Title of Case:

IN THE MATTER OF THE REFUSAL OF SCOTT W. HEIMBRUCH:

STATE OF WISCONSIN,

     PLAINTIFF-APPELLANT,

  V.

SCOTT W. HEIMBRUCH,

     DEFENDANT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | September 24, 2020 |
| Submitted on Briefs: | June 24, 2020 |

| | |
|---|---|
| JUDGES: | Fitzpatrick, P.J., Kloppenburg, and Nashold JJ. |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Warren D. Zier*, assistant district attorney, Waupaca. |
| Respondent<br>ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Dennis M. Melowski* of *Melowski & Associates, LLC*, Sheboygan. |

COURT OF APPEALS
DECISION
DATED AND FILED

September 24, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1857**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017TR2807

**IN COURT OF APPEALS**

---

IN THE MATTER OF THE REFUSAL OF SCOTT W. HEIMBRUCH:

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

SCOTT W. HEIMBRUCH,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment and an order of the circuit court for Waupaca County: TROY NIELSEN, Judge. *Reversed and cause remanded for further proceedings*.

Before Fitzpatrick, P.J., Kloppenburg, and Nashold JJ.

¶1 KLOPPENBURG, J. Scott W. Heimbruch was issued a notice of intent to revoke operating privilege based on Heimbruch's refusal to submit to a

chemical test of his blood after he was arrested for operating while intoxicated. He requested a refusal hearing, and at the hearing Heimbruch moved to dismiss the notice of intent to revoke operating privilege. *See* WIS. STAT. § 343.305(9) (2017-18) (setting forth the procedures for requesting and holding a "refusal hearing" on a notice of intent to revoke a person's operating privilege). The circuit court granted the motion because the script that the legislature requires the requesting officer to read to the accused (the "Informing the Accused" form),[1] which was read verbatim to Heimbruch, inaccurately states the law in one respect. Specifically, the form contains information that inaccurately states the consequences of refusing a test for a driver who is in a motor vehicle accident but who is not suspected of intoxication. *See **State v. Blackman***, 2017 WI 77, ¶¶5, 38, 377 Wis. 2d 339, 898 N.W.2d 774 (the Informing the Accused form inaccurately states that if a driver who is "not suspected of a drunk-driving offense" refuses to submit to a chemical test the driver's license will be revoked). The State appeals, arguing that the circuit court erred because Heimbruch was required and failed to present evidence that the inaccurate information caused him to refuse to submit to the test.

¶2 We conclude that Heimbruch was "adequately informed of his rights under the law," as required by ***Washburn County v. Smith***, 2008 WI 23, ¶51, 308 Wis. 2d 65, 746 N.W.2d 243, where, under suspicion of operating while

---

[1] As we discuss in detail below, the Informing the Accused form is a script, required to be read by statute, that provides information about the legal consequences of consenting to chemical testing and the legal consequences of refusing. *See* WIS. STAT. § 343.305(4) (2017-18). We sometimes refer to the Informing the Accused form as "the form."

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

intoxicated, he was read a form that accurately states the consequences of refusal for drivers suspected of intoxication, even though the form is inaccurate with respect to drivers who are in a motor vehicle accident but who are not suspected of intoxication. The officer accurately read the form required by statute and the inaccurate information in the form does not apply to Heimbruch. Accordingly, the circuit court erroneously granted Heimbruch's motion to dismiss, and, therefore, we reverse and remand for further proceedings.

## BACKGROUND

¶3 The following facts are undisputed.

¶4 As stated, Heimbruch was issued a citation for driving while intoxicated and a notice of intent to revoke operating privilege based on his refusal to submit to a chemical test. A refusal hearing was held in January 2019 pursuant to Heimbruch's timely request for a refusal hearing and motion to dismiss the notice of intent to revoke.

¶5 At the hearing, Waupaca County Sheriff's Deputy Chad Repinski testified that he stopped Heimbruch's vehicle in July 2017 after he saw it cross the centerline into the lane of oncoming traffic. Repinski testified that when Heimbruch provided his driver's license through the open driver's side window, Heimbruch's speech was slurred, his eyes were red and glassy, he smelled strongly of intoxicants, and he admitted to drinking and probably being over the legal limit. Repinski testified that Heimbruch failed the standard field sobriety tests and that the results of a preliminary breath test showed a .185 blood alcohol content. Repinski arrested Heimbruch for driving while intoxicated.

¶6      According to the incident report prepared by Repinski, after Repinski arrested Heimbruch, he read Heimbruch the Informing the Accused form.  Repinski then asked Heimbruch to submit to a chemical test of his blood and Heimbruch refused.  Repinski issued Heimbruch a Notice of Intent to Revoke Operating Privilege based on Heimbruch's refusal to submit to the blood test.

¶7      Heimbruch argued that his motion to dismiss the notice of intent to revoke must be granted because the statutory Informing the Accused form that Repinski read verbatim to him misstates the law, specifically by incorrectly stating the consequences for a person who refuses to submit to a blood test requested under WIS. STAT. § 343.305(3)(ar)2. ("the accident without intoxication provision"), which applies to a driver who is involved in an accident resulting in death or great bodily harm but who is not suspected of intoxication.  The State did not dispute that the information identified by Heimbruch is inaccurate but argued that Heimbruch is not entitled to dismissal because the inaccurate information in the form does not apply to Heimbruch, from whom the blood test was requested under § 343.305(3)(a) ("the intoxicated driver provision"), which applies to a driver who has been arrested for operating while intoxicated; thus, the consequences of refusal for Heimbruch were accurately stated.

¶8      The circuit court succinctly described the issue as follows:  "[T]he arresting officer did exactly what he was supposed to do, but the law [WIS. STAT. § 343.305(4)] is deficient and the form is deficient.  But those deficiencies don't apply to this particular defendant's situation."  The court indicated that the State reasonably argued that "there should be some link … between an error in the form and whether or not it actually impacted Mr. Heimbruch" but concluded, based on *Washburn County*, 308 Wis. 2d 65, that it had no discretion but to grant the motion to dismiss the notice of intent to revoke.

4

¶9     The State promptly moved for reconsideration, reiterating its different interpretations of *Washburn County* and related cases. The court denied the motion because, according to the circuit court, the State failed to establish a manifest error of law. The State appeals.

## DISCUSSION

¶10     As stated, Officer Repinski issued Heimbruch a notice of intent to revoke Heimbruch's operating privilege for refusing to submit to a blood test as requested. The Informing the Accused form that Repinski was required to read to Heimbruch before issuing the notice of intent to revoke "is governed by WIS. STAT. § 343.305(4), which sets forth the information that a law enforcement officer shall read to the person from whom the test sample is requested." *Washburn Cnty.*, 308 Wis. 2d 65, ¶52.

¶11     It is undisputed that: (1) Heimbruch refused to submit to a blood test after he was arrested for operating while intoxicated; (2) the Informing the Accused form that WIS. STAT. § 343.305(4) requires Repinski to read, and that Repinski read verbatim to Heimbruch, accurately states the consequences of refusal for Heimbruch; and (3) the form inaccurately states the consequences of refusal for a person who is in a motor vehicle accident but who is not suspected of operating while intoxicated.

¶12     The State argues that the notice of intent to revoke was erroneously dismissed because, under *Washburn County*, 308 Wis. 2d 65, the inaccurate information in the form is akin to additional "superfluous" information, and Heimbruch was required and failed to show that the additional information caused his refusal. Heimbruch argues that the notice of intent to revoke was properly dismissed because, under *Washburn County*, the inaccurate information in the

5

form is akin to the failure to provide "statutory" information, and Heimbruch was not required to show actual prejudice, meaning that he was not required to show that the inaccurate information caused his refusal.

¶13    Whether Heimbruch is entitled to dismissal of the notice of intent to revoke depends on whether he was "adequately informed of his rights under the law." *Id.*, ¶51.  That determination requires the interpretation and application of WIS. STAT. § 343.305 to the undisputed facts stated above, which is a question of law that this court reviews independently of the circuit court while benefiting from its analysis. *Washburn Cnty.*, 308 Wis. 2d 65, ¶55.

¶14    We first present the pertinent statutory provisions.  We next review *Blackman*, 377 Wis. 2d 339, which held that the information in the form inaccurately states the law regarding the consequences of refusal for a person not suspected of operating while intoxicated.  Finally, we review and apply the law established in *Washburn County*, 308 Wis. 2d 65, to the undisputed facts of this case and explain our conclusion that the notice of intent to revoke was erroneously dismissed because:  (1) Repinski accurately read the statutorily required form to Heimbruch;  (2) the inaccurate information in that form does not apply to Heimbruch;  (3) the information in that form that does apply to Heimbruch is accurate; and (4) thus, Heimbruch was "adequately informed of his rights under the law," *id.*, ¶51, despite the inclusion of the inapplicable-to-him inaccurate information.

*I.  Pertinent Statutory Provisions.*

¶15    The information that Repinski was required to provide to Heimbruch when requesting that Heimbruch submit to the blood test is set forth in WIS. STAT. § 343.305(4), as follows:

6

> At the time that a chemical test specimen is requested under sub. (3)(a), (am), or (ar), the law enforcement officer shall read the following to the person from whom the test specimen is requested:
>
> > "You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, or you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.
> >
> > This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.
> >
> > If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test.
> >
> > If you have a commercial driver license or were operating a commercial motor vehicle, other consequences may result from positive test results or from refusing testing, such as being placed out of service or disqualified."

Sec. § 343.305(4).

¶16 The Informing the Accused form must be read when an officer requests a chemical test specimen under four provisions of WIS. STAT. § 343.305(3): 343.305(3)(a), (am), (ar)1., and (ar)2. The first provision, § 343.305(3)(a), which we refer to as the "intoxicated driver provision," concerns drivers who, like Heimbruch, are arrested on suspicion of intoxicated driving. The second provision, § 343.305(3)(am), concerns drivers of commercial vehicles and

is not at issue in this case. The third provision, § 343.305(3)(ar)1., concerns drivers involved in an accident who are also suspected of intoxication and is also not at issue in this case. The fourth provision, § 343.305(3)(ar)2., which we refer to as the "accident without intoxication provision," concerns drivers involved in an accident who are suspected of violating a traffic law but are *not* suspected of intoxication. We now summarize the two provisions at issue in this case: the intoxicated driver provision and the accident without intoxication provision.

¶17 The intoxicated driver provision, WIS. STAT. § 343.305(3)(a), provides that an officer may request that a person who has been arrested for operating while intoxicated submit to a chemical test. If that person refuses, the officer must prepare a notice of intent to revoke the person's operating privilege. Sec. 343.305(9)(a). The person may request a hearing, at which the only issues are: (1) whether the officer had probable cause to believe the person was operating while intoxicated; (2) whether the officer complied with § 343.305(4)'s requirement that the officer read the Informing the Accused form; and (3) whether the person refused the test other than because of a physical inability or physical disability unrelated to intoxication. Sec. 343.305(9)(a)5. If any of these issues is determined favorably to the person, the circuit court shall order that no action be taken on the operating privilege because of the person's refusal to take the test. Sec. 343.305(9)(d). If the person does not request a hearing or if, at the hearing,

the court determines that the person improperly refused to take the test, then the court shall revoke the person's operating privilege.[2] Sec. 343.305(10).

¶18 The accident without intoxication provision, WIS. STAT. § 343.305(3)(ar)2., applies in situations where the operator of a vehicle is involved in an accident that causes death or great bodily harm and is suspected of violating a traffic law but is not suspected of intoxication. If the operator refuses to submit to a chemical test, he or she may be arrested under § 343.305(3)(a) and his or her operating privilege may be revoked through the same process set forth in the preceding paragraph.

¶19 The parties do not dispute that only the intoxicated driver provision, WIS. STAT. § 343.304(3)(a), applies to Heimbruch.

## II. *State v. Blackman*.

¶20 We now turn to ***Blackman***, 377 Wis. 2d 339, ¶5, which held in pertinent part that the Informing the Accused form inaccurately states the consequences of refusal for a driver who is requested to submit to a chemical test under the accident without intoxication provision, WIS. STAT. § 343.305(3)(ar)2.—that is, for a driver like Blackman who was *not* suspected of driving while intoxicated. The court explained this part of its holding as follows. The Informing the Accused form states that "If you refuse to take any test that this

---

[2] Heimbruch essentially concedes that none of the issues to which a refusal hearing is limited can be determined favorably to him: (1) Repinski had probable cause to believe that Heimbruch was operating while intoxicated; (2) Repinski read the Informing the Accused form verbatim as required by WIS. STAT. § 343.305(4); and (3) Heimbruch refused to submit to the blood draw requested by Repinski other than because of a physical inability or physical disability unrelated to intoxication. *See* § 343.305(9)(a)5. (stating the three issues).

agency requests, your operating privilege will be revoked and you will be subject to other penalties." ***Blackman***, 377 Wis. 2d 339, ¶37; § 343.305(4). However, the accident without intoxication provision applicable to Blackman "states only" that a driver who refuses to take any test under that provision may be arrested.[3] ***Blackman***, 377 Wis. 2d 339, ¶¶32, 38; § 343.305(3)(ar)2. Moreover, if such a driver requests a refusal hearing, the revocation of the operating privilege is unenforceable against the driver. ***Blackman***, 377 Wis. 2d 339, ¶40.

¶21 This is so for two reasons. First, the statutes provide only for revocation after arrest, but arrest is not *required* under the accident without intoxication provision. WIS. STAT. §§ 343.305(3)(a), (3)(ar)2. and (9)(a). Second, if a hearing is requested, the State must prove that the officer had probable cause to believe that the driver was operating while intoxicated, but such probable cause cannot be proven when a request is made of a driver who is not suspected of driving while intoxicated. ***Blackman****,* 377 Wis. 2d 339, ¶¶41-44, 50-51. Thus, the form should read not that such a driver's operating privileges "will be revoked" but that, under the accident without intoxication provision, the driver's "operating privilege *would* be revoked [only] if he [or she] failed to request a refusal hearing." *Id.*, ¶38.

¶22 In his argument to the circuit court here, Heimbruch's counsel conceded that the Informing the Accused form at issue in ***Blackman*** was unchanged when it was read to Heimbruch. Heimbruch also conceded that this

---

[3] As our Supreme Court noted, the circuit court in ***Blackman*** observed in connection with the arrest language, "'The question of the century is arrested for what?'" ***State v. Blackman***, 2017 WI 77, ¶32 n.11, 377 Wis. 2d 339, 898 N.W.2d 774 (quoting the circuit court).

10

erroneous information in the Informing the Accused form does not apply to Heimbruch, to whom the accident without intoxication provision does not apply. Heimbruch does not state otherwise on appeal.[4]

### III. *Washburn County v. Smith*.

¶23　We now turn to *Washburn County*, on which both parties rely to support their arguments on appeal.

¶24　In *Washburn County*, the officer arrested Washburn for operating while intoxicated, read the Informing the Accused form as set forth in WIS. STAT. § 343.305(4) to Washburn, and requested that Washburn submit to a breath test. *Washburn Cnty.*, 308 Wis. 2d 65, ¶¶12, 39-40.　When Washburn expressed

---

[4] We caution Heimbruch's counsel that he appears to have inaccurately stated the *Blackman* holding before the circuit court and appears to inaccurately impute that misstatement to the circuit court's decision on appeal.　In his brief to the circuit court, he stated that "the *Blackman* court found that the [Informing the Accused form] misrepresented the law *to suspected drunk drivers*."　In his brief on appeal, he states that the circuit court's decision was based on the form's containing "erroneous information regarding potential penalties which could be imposed against an individual suspected of certain drunk-driving related offenses."　As stated in the text, the *Blackman* court did not address "suspected drunk drivers" but ruled that the form inaccurately states the potential penalties that can be imposed on an individual *not* suspected of driving while intoxicated.　The circuit court stated that *Blackman* is "not all that important in" its determination and that it was relying on *Washburn County v. Smith*, 2008 WI 23, 308 Wis. 2d 65, 746 N.W.2d 243, and *State v. Wilke*, 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989), which we discuss below.

We also note that the State did not file a reply brief.　We caution counsel that the failure of an appellant to file a reply brief not only risks conceding arguments made in the respondent's brief, *see United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in respondent's brief may be taken as a concession), but also hinders this court's consideration of issues that it can be assured have been completely researched and argued, particularly in a case that both the State and the respondent agree warrants publication.　Nevertheless, we have not allowed the State's failure to file a reply brief to compromise our analysis of the issues raised and arguments made in the briefs that have been filed.

concern regarding the penalties that he might be facing, the officer mistakenly told Washburn that if he refused he would get a hearing within ten days, when the law provides only that a driver is entitled to *request* a hearing within ten days.[5] *Id.*, ¶¶39-41, 51, 83. Washburn ultimately refused to submit to the breath test and argued that his refusal was not improper in light of this misstatement. *Id.*, ¶¶38, 46.

¶25 The court identified two lines of cases addressing challenges to the information provided by law enforcement to drivers when requesting that the drivers submit to chemical tests. *Id.*, ¶¶55-72. One line of cases involves situations in which the officer failed to provide the information that is required by WIS. STAT. § 343.305(4). *Washburn Cnty.*, 308 Wis. 2d. 65, ¶72. Those cases include *State v. Wilke*, 152 Wis. 2d 243, 448 N.W.2d 13 (Ct. App. 1989) (addressing a situation where the officer failed to give the defendant one component of the statutorily required information relating to penalties), and *State v. Schirmang*, 210 Wis. 2d 324, 565 N.W.2d 225 (Ct. App. 1997) (addressing a situation where the officer read an outdated form that misstated the current penalties for drivers who had two or more prior convictions). *Washburn Cnty.*, 308 Wis. 2d 65, ¶¶59, 63, 72. In such cases, where the officer fails to provide the information set forth in § 343.305(4), the *Washburn County* court affirmed the rule stated in *Wilke* and held that the defendant's operating privileges may not be revoked based on refusal to submit to chemical testing. *Washburn Cnty.*, 308

---

[5] The officer also did not advise Washburn, who had a Louisiana operator's license, of the penalties he would face under Louisiana law which differed from the Wisconsin penalties stated in the form. *Washburn Cnty.*, 308 Wis. 2d 65, ¶100. The court ruled that the officer has no obligation to advise the driver about another state's law, and that all that matters is that the officer accurately states Wisconsin law. *Id.*, ¶¶100-101.

Wis. 2d 65, ¶72. That is, the defendant is not required to show prejudice arising from the failure to provide the requested information. *Id.*, ¶64 (citing *Wilke* for the rule that when an officer fails to furnish the statutorily required information set forth in § 343.305(4) the circuit court must order that no action be taken on the driver's operating privilege).

¶26 A second line of cases involves situations in which the officer "provided all the statutorily required information but then provided more information in excess of his [or her] duty under [WIS. STAT.] § 343.305(4)." *Washburn Cnty.*, 308 Wis. 2d 65, ¶72. Those cases include *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 542 N.W.2d 196 (Ct. App. 1995) (addressing a situation in which the officer read the form as set forth in § 343.305(4) and then exceeded his duty under that statute by correctly advising the driver that she could refuse to submit to the test), and *State v. Ludwigson*, 212 Wis. 2d 871, 569 N.W.2d 762 (Ct. App. 1997) (addressing a situation in which the officer read the form as set forth in § 343.305(4) but incorrectly explained the penalty that applied to the driver). *Washburn Cnty.*, 308 Wis. 2d 65, ¶¶57, 67, 72. In such cases, where the officer provides the information as set forth in § 343.304(5) along with additional information beyond the language mandated in that statute, the *Washburn County* court affirmed that the rule stated in *Quelle* "as interpreted by *Ludwigson*" governs. *Washburn Cnty.*, 308 Wis. 2d 65, ¶72. Specifically, the court held that the *Quelle* three-pronged inquiry applies[6] and that, where the additional

---

[6] The three-pronged inquiry for determining whether the information imparted by the officer is adequate is:

> (1) Has the law enforcement officer not met, or exceeded his or her duty under §§ 343.305(4) … to provide information to the accused driver;

(continued)

information is erroneous, "it is the defendant's burden to prove by a preponderance of the evidence that the erroneous additional information in fact caused the defendant to refuse to submit to chemical testing." *Washburn Cnty.*, 308 Wis. 2d 65, ¶¶70, 72.

¶27 The *Washburn County* court applied the *Quelle/Ludwigson* rule to the case before it, where the officer read the statutorily required form verbatim and then provided additional information. *Washburn Cnty.*, 309 Wis. 2d 65, ¶¶73, 77, 78. The court determined that the officer exceeded his duty under § 343.305(4), that the officer incorrectly told Washburn that he would be entitled to a refusal hearing within ten days, and that Washburn failed to make a prima facie case showing that the erroneous statement about a hearing contributed to Washburn's refusal to submit to chemical testing. *Washburn Cnty.*, 308 Wis. 2d 65, ¶¶77-78, 84, 86. Accordingly, the court ruled that Washburn failed to satisfy the third prong of the inquiry and affirmed the circuit court's order revoking his operating privileges. *Id.*, ¶¶86, 89.

¶28 In sum, *Washburn County* confirmed the rule that no action may be taken, including revoking a driver's operating privileges, upon the driver's refusal to submit to a chemical test where the officer fails to provide the information stated in WIS. STAT. § 343.305(4). *Washburn Cnty.*, 308 Wis. 2d 65, ¶72.

---

(2) Is the lack or oversupply of information misleading; and

(3) Has the failure to properly inform the driver affected his or her ability to make the choice about chemical testing?

*Washburn Cnty.*, 308 Wis. 2d 65, ¶56 (quoted source omitted).

*Washburn County* also confirmed the rule that whether a driver's operating privileges may be revoked upon the driver's refusal where the officer provides excess information in addition to that stated in § 343.305(4) depends on the result of the three-part *Quelle* inquiry under which the driver must prove that the additional information contributed to his or her refusal to submit to chemical testing. *Washburn Cnty.*, 308 Wis. 2d 65, ¶72.

## IV. Analysis.

¶29     We now apply these legal principles to the undisputed facts of this case.

¶30     We begin with the statement in *Washburn County* that "[a] refusal to submit to a chemical test for intoxication cannot result in revocation of operating privileges unless the person has first been adequately informed of his [or her] rights under the law." *Washburn Cnty.*, 308 Wis. 2d 65, ¶51. As we next explain, we conclude that Heimbruch was adequately informed of his rights under the law.

¶31     Under WIS. STAT. § 343.305(4), Heimbruch has the right to be read the Informing the Accused form. Sec. 343.305(4) ("the law enforcement officer shall read the following to the person from whom the test specimen is requested"). Repinski read the form verbatim. Although that form includes an inaccurate statement of the potential consequences of refusal for a person who is requested to submit to a chemical test under the accident without intoxication provision, the inaccurate statement does not apply to Heimbruch, who was requested to submit to a blood draw under the intoxicated driver provision. That is, the inaccurate statement does not include any information as to Heimbruch's rights as a person

arrested for operating while intoxicated. Accordingly, Heimbruch was "adequately informed of his rights under the law."

¶32 The State argues that the inaccurate information in the form is superfluous information that does not apply to Heimbruch and is, therefore, akin to additional information provided by an officer in excess of the form's requirements. Thus, according to the State, under *Washburn County*, Heimbruch was required and failed to show that the inaccurate information caused him to refuse. The State's argument fails because Repinski did not exceed his statutory duty by providing any information in addition to that required by WIS. STAT. § 343.305(4). The State fails to persuade this court that this situation falls within the *Quelle*/*Ludwigson* line of cases in which the defendant must show prejudice.

¶33 Heimbruch argues, as best we can understand, that the inaccurate information is a failure to provide the information stated in WIS. STAT. § 343.305(3)(ar)2. (the accident without intoxication provision) and is, therefore, "a deficit" that is akin to a failure to provide information that is statutorily required. But, the officer's obligation is to read only the form set forth in § 343.305(4), and, as Heimbruch himself concedes, Repinski read verbatim to Heimbruch the form that was required "by legislative mandate." Thus, Heimbruch fails to persuade this court that this situation falls within the *Wilke* line of cases in which the officer fails to abide by that legislative mandate and no prejudice need be shown.

¶34 Rather, as Heimbruch also asserts, an accused person "has the right to know what the actual, proper statutory procedures are." Repinski honored that right as to the "actual, proper statutory procedures" that apply to Heimbruch. Thus, Repinski adequately informed Heimbruch of *his* rights under the law, which

16

under ***Washburn County*** is what the law requires. ***Washburn Cnty.***, 308 Wis. 2d 65, ¶51.

¶35 Heimbruch appears to acknowledge this deficiency in his argument when he urges this court to rule in his favor as a "sanction" against the legislature for failing to amend the statutorily required form after our Supreme Court held in ***Blackman*** that the form inaccurately states the law that applies to drivers who are not suspected of operating while intoxicated. Heimbruch cites no law that authorizes this court to, in Heimbruch's words, "light a fire under the legislature" by impeding "the government's ability to prosecute suspected drunk drivers" through affirming the dismissal of the notice of intent to revoke his operating privilege. Accordingly, we do not consider this argument further. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments.").

## CONCLUSION

¶36 Heimbruch refused to submit to a blood draw as requested after he was arrested for operating while intoxicated. He argues that the notice of intent to revoke that was issued upon his refusal was properly dismissed because the statutorily required Informing the Accused form that the officer read verbatim before making the request inaccurately states the consequences of refusal for persons not suspected of operating while intoxicated. For the reasons stated, we conclude that, as required by our Supreme Court in ***Washburn County***, 308 Wis. 2d 65, ¶51, Heimbruch was "adequately informed of his rights under the law," because the officer accurately read the form required by statute and the

inaccurate information in the form does not apply to Heimbruch. Accordingly, we reverse and remand for further proceedings.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.