**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 4, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP838**

Cir. Ct. No. **2022TR2766**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

IN THE MATTER OF THE REFUSAL OF BRYSON KEITH WILLIAMS:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

BRYSON KEITH WILLIAMS,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Affirmed*.

¶1 NEUBAUER, J.[1] Bryson Keith Williams appeals from a judgment entered after the circuit court found that he unlawfully refused to submit to an implied consent test after he was arrested for operating a motor vehicle while intoxicated (OWI). Because his refusal was unlawful, this court affirms.

## BACKGROUND

¶2 At around 3:30 a.m. on April 27, 2022, City of Waukesha police officer Mark Pavlik initiated a traffic stop after seeing a pickup truck stopped in the traffic lane of a one lane street "in a no parking zone and a bus stop." The "driver's head was slumped over like they were sleeping." When Pavlik approached the vehicle on the driver's side, he knocked on the window and Williams, the single occupant, responded. Williams's eyes were bloodshot and glassy and Pavlik could smell intoxicants coming from him. Pavlik asked Williams to submit to field sobriety tests, which indicated that Williams's ability to operate the vehicle was impaired. After Williams declined to take a preliminary breath test, Pavlik arrested him for OWI.

¶3 Williams was transported to Waukesha Memorial Hospital for a blood draw. Pavlik read the Informing the Accused form verbatim to Williams. Prior to reading the form, Pavlik stated that not everything in the form would apply to Williams, but that he was required to read it in its entirety. Pavlik then asked Williams to submit to an evidentiary blood draw and he refused.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4 Williams was charged with OWI, second offense, contrary to WIS. STAT. § 346.63(1)(a) and unlawfully refusing to submit to an implied consent test, contrary to WIS. STAT. § 343.305(9)(a). Williams requested a refusal hearing, contending that he did not unlawfully refuse. The circuit court rejected his arguments and revoked Williams's operating privileges for two years. Williams appeals.

## DISCUSSION

### *Standard of Review*

¶5 The application of the implied consent law to an undisputed set of facts is a question this court reviews de novo. *State v. Rydeski*, 214 Wis. 2d 101, 106, 571 N.W.2d 417 (Ct. App. 1997).

### *The Implied Consent Law*

¶6 Williams was charged with unlawfully refusing to submit to an implied consent test under Wisconsin's implied consent law, WIS. STAT. § 343.305(2). The law aims to help law enforcement secure evidence of impaired driving by leveling a penalty on drivers who refuse. *See State v. Zielke*, 137 Wis. 2d 39, 41, 403 N.W.2d 427 (1987); § 343.305(2), (3), (9). The law provides in pertinent part: "Upon arrest of a person for [OWI], a law enforcement officer may request the person to provide one or more samples of his or her breath, blood or urine for the purpose" of determining the presence or quantity of alcohol or controlled substances in his or her system. Sec. 343.305(3)(a). When the officer requests the test, the officer must read the Informing the Accused form, a script that the legislature requires the requesting officer to read to the accused, which

explains that if the driver refuses to take the test, there will be penalties.[2] Sec. 343.305(4).

_____

[2] The Informing the Accused form that Officer Pavlik read to Williams stated as follows:

> Under Wisconsin's Implied Consent Law, I am required to read this notice to you:
>
> You have either been arrested for an offense that involves driving or operating a motor vehicle while under the influence of alcohol or drugs, or both, or you are the operator of a vehicle that was involved in an accident that caused the death of, great bodily harm to, or substantial bodily harm to a person, or you are suspected of driving or being on duty time with respect to a commercial motor vehicle after consuming an intoxicating beverage.
>
> This law enforcement agency now wants to test one or more samples of your breath, blood or urine to determine the concentration of alcohol or drugs in your system. If any test shows more alcohol in your system than the law permits while driving, your operating privilege will be suspended. If you refuse to take any test that this agency requests, your operating privilege will be revoked and you will be subject to other penalties. The test results or the fact that you refused testing can be used against you in court.
>
> If you take all the requested tests, you may choose to take further tests. You may take the alternative test that this law enforcement agency provides free of charge. You also may have a test conducted by a qualified person of your choice at your expense. You, however, will have to make your own arrangements for that test.
>
> If you have a commercial driver license or were operating a commercial motor vehicle, other consequences may result from positive test results or from refusing testing, such as being placed out of service or disqualified.
>
> In addition, your operating privileges will also be suspended if a detectable amount of a restricted controlled substance is in your blood.

The next line on the form states: "Will you submit to an evidentiary chemical test of your **BLOOD**?" The "Accused's Response" was "**NO**."

¶7      The refusal to submit to a chemical test for intoxication can only result in the revocation of the defendant's operating privileges if the defendant was adequately informed of his or her rights prior to the refusal.  ***Washburn County v. Smith***, 2008 WI 23, ¶51, 308 Wis. 2d 65, 746 N.W.2d 243.  A court is required to revoke the person's operating privilege when there is an unlawful refusal.  WIS. STAT. § 343.305(9)(d), (10).

*Williams Unlawfully Refused to Submit to the Implied Consent Test.*

¶8      Williams contends that he lawfully refused to submit to a blood test. He argues that because Officer Pavlik advised him that not all parts of the Informing the Accused form applied to him, he was left to figure out which parts applied to him without guidance.  He contends that this effectively rendered the information incomplete, and thus interfered with his right to make an informed choice in violation of his statutory and constitutional rights to due process.[3]  This court rejects Williams's challenge.

¶9      Williams's argument that he was improperly denied his statutory and constitutional right to due process turns on the adequacy of the information provided by Pavlik.  To assess the adequacy of the information provided by a law enforcement officer under the implied consent law, this court applies the following three-prong inquiry:

> (1) Has the law enforcement officer not met, or exceeded his or her duty under [WIS. STAT.] §§ 343.305(4) and

---

[3] Williams does not challenge the stop, his arrest for OWI, or that the blood test is one of the chemical evidentiary tests required under the implied consent law.  He has also abandoned his other challenges raised before the circuit court, including a challenge to the constitutionality of the implied consent law.

343.305(4m) to provide information to the accused driver;

(2) Is the lack or oversupply of information misleading; *and*

(3) Has the failure to properly inform the driver affected his or her ability to make the choice about chemical testing?

*County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 280, 542 N.W.2d 196 (Ct. App. 1995); *see also Smith*, 308 Wis. 2d 65, ¶72 (applying the *Quelle* three-prong inquiry to fact situations in which the law enforcement officer "provided all the statutorily required information but then provided more information in excess of his duty under § 343.305(4)").

¶10 As to the first prong, it is undisputed that Pavlik read the form verbatim. The circuit court correctly concluded that Pavlik exceeded his duty under WIS. STAT. § 343.305(4) by providing additional information to Williams prior to reading the form.

¶11 The second prong of the *Quelle* inquiry requires that this court "examine the specific facts and determine if this additional information was false or otherwise misleading." *Quelle*, 198 Wis. 2d at 282. Under this second prong, "misleading" is synonymous with "erroneous." *See Smith*, 308 Wis. 2d 65, ¶¶83-86. Upon review of the record, this court agrees with the circuit court's conclusion that the additional information provided by Pavlik was not false or misleading. Pavlik accurately informed Williams that not all parts of the form would apply to Williams. This was true. For example, Williams was not in an accident nor was he driving a commercial motor vehicle. The form's alternatives set forth various scenarios that would not apply, such that Pavlik's statement was nothing more than an observation that was evident from the form. In other words,

the form itself made clear that there were inapplicable alternative scenarios, and an officer has no duty to explain the form. *Quelle*, 198 Wis. 2d at 285. Whether Pavlik stated that some information was not applicable to Williams before or after he read the form is irrelevant.

¶12 This court rejects Williams's suggestion that Pavlik's observation effectively rendered the statutorily required information incomplete because it was unclear which information was inapplicable. The form clearly identified alternative scenarios that would not apply to Williams, but neither Pavlik nor the form suggested that the unqualified consequences of submitting to testing, the consequences of refusing, or the right to alternative testing would not apply to Williams. This is not a case in which the statutorily required information was not provided, nor is it a case in which the additional information provided was misleading.

¶13 Finally, as the circuit court aptly noted, Williams has provided no evidence that Pavlik's statement affected his ability to make the choice whether to consent to the blood draw. Williams had the burden of proof on this element and has failed to show that the challenged statement contributed to his refusal to submit to chemical testing. *See State v. Ludwigson*, 212 Wis. 2d 871, 876-77, 569 N.W.2d 762 (Ct. App. 1997) (stating that defendant bears the ultimate burden of proving by a preponderance of the evidence that erroneous information caused defendant to refuse to take the test). Thus, Williams's argument that he was denied his statutory and constitutional due process rights solely on account of Pavlik's prefatory remark fails. The court properly concluded that Williams's refusal was unlawful, and thus, this court affirms the judgment revoking his operating privileges.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.